■ EXECUTIVE FLITEWAYS, INC., Respondent, v ANTHONY CABALLERO, Appellant. [858 NYS2d 913]—

In an action, inter alia, to recover on a promissory note, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered May 2, 2007, which, upon the granting of the plaintiff's motion for summary judgment and the denial of its cross motion for leave to amend its answer, is in favor of the plaintiff and against him in the principal sum of $18,000.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied the defendant's cross motion for leave to amend his answer, since the proposed affirmative defenses were patently devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220 [2008]; *Unger v Leviton*, 25 AD3d 689 [2006]; *see also 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]; *Precision Mech. v Dormitory Auth. of State of N.Y.*, 5 AD3d 653 [2004]; *Cosh v Cosh*, 45 AD3d 798 [2007]).

Moreover, the Supreme Court properly granted the plaintiff's motion for summary judgment and entered judgment in favor of the plaintiff and against the defendant. The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting the unambiguous January 24, 2005 employment contract and promissory note and proof of the defendant's default (*see Evans v Famous Music Corp.*, 1 NY3d 452, 458 [2004]; *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *New York City Off-Track Betting Corp. v Safe Factory Outlet, Inc.*, 28 AD3d 175, 177-178 [2006]). In response, the defendant failed to raise a triable issue of fact as to the proper construction of the contract or as to any of his asserted defenses (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.