■ WILLIAM R. GROGG et al., Appellants, v SOUTH ROAD ASSOCIATES, L.P., et al., Respondents. (And a Third-Party Action.) [907 NYS2d 22]—

In an action, inter alia, for a judgment declaring the rights of the parties regarding prior judgments in favor of the defendant and against the plaintiffs, and a stipulation of settlement between the plaintiffs and the defendant South Road Associates, LLC, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Dutchess County (Marlow, J.), dated October 2, 2008, as granted the defendants' motion for summary judgment and denied those branches of their cross motion which were for summary judgment on the first, second, fourth, and fifth causes of action, and (2) from so much of an order of the same court dated November 17, 2008, as granted that branch of the motion of the defendant Housie, LLC, which was for summary judgment on its counterclaim to foreclose a mortgage.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of an appropriate declaratory judgment in favor of the defendants.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted the defendants' motion for summary judgment. In response to the defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiffs' contention, the defendants' motion for summary judgment was not premature (*see* CPLR 3212 [f]).

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the motion of the defendant Housie, LLC (hereinafter Housie), which was for summary judgment on its counterclaim to foreclose on the collateral mortgage. In support of its motion for summary judgment, Housie established its prima facie entitlement to judgment as a matter of law through the production of the collateral mortgage and the unpaid note. Thus, it was incumbent upon the plaintiffs to assert any defenses which could properly raise a triable issue of fact as to their default on the mortgage (*see Metropolitan Distrib. Servs. v DiLascio*, 176 AD2d 312 [1991]). Contrary to

the plaintiffs' contention, no triable issue of fact was raised as to whether they received the required notice of default. The evidence submitted by Housie established the appropriate mailing of the required notices, which created a rebuttable presumption that the intended recipient actually received it. The plaintiffs' simple denial of receipt was insufficient to rebut this presumption of delivery (*see Countrywide Home Loans v Brown*, 305 AD2d 626, 626-627 [2003]).

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of an appropriate declaratory judgment in favor of the defendants (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.