**Carol Lynn B. Kendall FALKINER,**
**Plaintiff,**

v.

**ONEWEST BANK, FSB, and Equity Trustees, LLC, Defendants.**

Action No. 2:10cv475.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 21, 2011.

Carol Lynn B. Kendall Falkiner, Plaintiff Pro Se.

Erin Q. Ashcroft, Robert W. McFarland, McGuire Woods LLP, Norfolk, VA, Joseph M. LeNoir, Bierman Geesing Ward & Wood LLC, Richmond, VA, for Defendants.

### OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff originally filed this action in the Circuit Court of the City of Norfolk, Virginia, on August 17, 2010. At that time, Plaintiff was represented by counsel. On September 27, 2010, Defendants removed this action to this court. On October 4, 2010, Defendants each filed separate Motions to Dismiss. On October 12, 2010, Plaintiff's counsel, who was not admitted to practice in this court, withdrew as counsel of record. On November 9, 2010, Plaintiff advised the court of her intention to proceed *pro se.* By Order entered November 23, 2010, the court granted Plaintiff an extension of time in which to respond to Defendants' Motions to Dismiss. On December 14, 2010, Plaintiff filed a response to Defendant OneWest Bank's ("OneWest") Motion to Dismiss and a response to Equity Trustees, LLC's Motion to Dismiss. On December 17, 2010, Defendant OneWest filed a Reply. On December 23, 2010, Plaintiff submitted a notice to the court that she had omitted the exhibits to her response to the motions and submitted those exhibits. The Motions to Dismiss are now ripe for review.[1]

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A *pro se* complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

---

1. Plaintiff and OneWest have requested a hearing on OneWest's Motion to Dismiss. The court has reviewed the filings and determined that a hearing would not aid the decisional process.

570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555, 127 S.Ct. 1955; *Ashcroft,* 129 S.Ct. at 1951.

■■■ A *pro se* complaint should be liberally construed.[2] *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or a legal conclusion unsupported by factual allegations. *Ashcroft,* 129 S.Ct. at 1951. Dismissal may be appropriate when a complaint contains a detailed description of underlying facts that fails to state a viable claim. *Estelle v. Gamble,* 429 U.S. 97, 106–08, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see Twombly,* 550 U.S. at 558, 127 S.Ct. 1955.

Plaintiff claims that on July 31, 2007, Plaintiff's then husband executed a personal Note to which Plaintiff was not a party. However, the family home was used as collateral for the loan. Plaintiff asserts that her husband and his attorney coerced her to sign the Deed of Trust that allowed Plaintiff's then husband to secure the Note with the family home.[3] Plaintiff claims that she was not advised of her right of rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*

Plaintiff alleges that her former husband allowed the secured property to deteriorate, resulting in a devaluation of the property. In September 2009, Plaintiff's former husband ceased paying on the Note. Consequently, the property that secured the Note went into foreclosure. Plaintiff claims that in late Spring 2010, she received a solicitation letter from an attorney from which she first learned that she had the right of rescission under the TILA.[4]

■■■ Plaintiff seeks to rescind the Deed of Trust that she signed and have the title in the property returned to her. Plaintiff's claim for rescission pursuant to the TILA fails as a matter of law. In Plaintiff's response to Defendant OneWest's Motion to Dismiss, she makes it clear that her Complaint against Defendants is based on the TILA and Defendants' failure to notify her of her right of rescission under the TILA. However, "[r]ights to rescind under TILA extend to obligors only." *Moazed v. First Union Mortg. Corp.,* 319 F.Supp.2d 268, 273 n. 4 (D.Conn.2004) (citing *Dorothy Edwards Realtors, Inc. v. McAdams,* 525 N.E.2d 1248, 1254 (Ind.Ct.App.1988)); *see Blaize–Sampeur v. McDowell,* No. 05cv4275(JFB), 2006 WL 3903957 *3 n. 4, 2006 U.S. Dist. LEXIS 75764 *11 n. 4 (E.D.N.Y. Oct. 18, 2006). *Moazed* is nearly identical to the matter *sub judice.* The plaintiff in *Moazed* was the former wife of the borrower, the plaintiff was not a party to the note, and the loan was secured with prop-

**2.** Although Plaintiff was represented by counsel when the Complaint was filed, the court will apply the standard used for *pro se* filings, as Plaintiff is now proceeding *pro se.*

**3.** Plaintiff claims that she left the closing without signing the Deed of Trust because she wished to consult an attorney. She accompanied her then husband to his attorney's office. After unspecified actions by Plaintiff's then husband and his attorney, which actions Plaintiff characterizes as "coercion," Plaintiff signed the Deed of Trust at the attorney's office.

**4.** It is unclear whether Plaintiff's then husband, who was the obligor under the Note and entitled to be advised of his right of rescission pursuant to 15 U.S.C. § 1635, was notified of his right of rescission and did not inform Plaintiff or whether neither Plaintiff nor her then husband received notice of the right of rescission.

erty owned by the plaintiff. 319 F.Supp.2d at 272–73. Accordingly, the court in *Moazed* found that the plaintiff did not have rescission rights under the TILA. In this case, Plaintiff was not a party to the Note and she did not sign the Note. Moreover, in each place that Plaintiff signed the Deed of Trust, she handwrote a notation that indicated that she was not a borrower and was not obligated on the Note. Therefore, Plaintiff clearly is not an obligor on the Note, and the TILA's right of rescission does not apply to Plaintiff.

▮▮▮▮ Assuming *arguendo* that Plaintiff has a right of rescission, Plaintiff only seeks to rescind her signature on the Deed of Trust. She does not seek to rescind the rest of the transaction—namely the Note. She seeks rescission only in her favor. She does not intend to pay off the Note, which was secured by the property in question. The property was offered as collateral for a sizable loan to Plaintiff's then husband.[5] That loan was not repaid. Nevertheless, Plaintiff seeks to retain the property. Plaintiff's requested relief is the epitome of inequity. Even if Plaintiff could rescind pursuant to the TILA, this court has the power to circumscribe rescission if it would result in "stark inequity." *Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir.1976). Rescission is an equitable remedy, subject to equitable considerations. *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 819 (4th Cir.2007). Therefore, "a consumer's attempt to rescind will not be enforced if it would 'deprive the lender of its legal due.' " *Byron v. EMC Mortg. Corp.*, No. 3:09cv197 (HEH), 2009 WL 2486816, 2009 U.S. Dist. LEXIS 69589 (E.D.Va. Aug. 10, 2009) (quoting *Powers*, 542 F.2d at 1222). In this action, Plaintiff seeks to deprive OneWest of its legal due—repayment of the Note either through cash payments or foreclosure on the property used to secure the Note. Accordingly, even if Plaintiff did have the right to rescind her signature on the Deed of Trust, the court would not award Plaintiff the relief she seeks. Therefore, Defendants' Motions to Dismiss for failure to state a claim are **GRANTED**.

▮▮▮▮ Defendants also raise the statute of limitations as a defense. When a statute of limitations defense clearly appears on the face of a complaint, dismissal under Rule 12(b)(6) is appropriate. *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993). Plaintiff's cause of action arose on July 31, 2007, the date on which she signed the Deed of Trust. Plaintiff filed this action in state court on August 17, 2010. Accordingly, the face of the Complaint would support dismissal based on the three-year statute of limitations set forth in section 1635(f) of the TILA.[6]

However, in Plaintiff's Response, she argues that she first submitted a Complaint in the state court on July 16, 2010, but she was denied *in forma pauperis* status. Thereafter, Plaintiff resubmitted the Complaint *sub judice* with the filing fee. There is nothing to indicate when the Circuit Court of the City of Norfolk denied

---

5. The purpose of the loan is not disclosed in the documents before the court. Therefore, it is not known whether Plaintiff derived any benefit from the proceeds of the loan. However, Plaintiff signed the Deed of Trust to allow her then husband to obtain the loan. Therefore, the issue of whether Plaintiff derived any benefits from the loan is a matter between Plaintiff and her former husband.

6. That section reads in pertinent part: "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first...." 15 U.S.C. § 1635(f).

her application to proceed *in forma pauperis.* There is nothing in the record that this federal court can consider regarding the procedures of the state circuit court. Defendant OneWest suggests in its Reply that when an application to proceed *in forma pauperis* is denied, the circuit court returns the proposed complaint. If this is indeed the procedure, the timeliness of Plaintiff's Complaint may depend upon the date her proposed Complaint was returned. This information is not before the court. Given that this court cannot determine the issue of timeliness based on the documents before it, the court does not decide this issue.[7]

Plaintiff is advised that she may appeal from this Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Opinion and Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to send a copy of this Opinion and Dismissal Order to Plaintiff and counsel for Defendants.

IT IS **SO ORDERED.**

---

7. However, as the face of Plaintiff's Complaint shows that it is not timely, and Plaintiff has failed to rebut Defendants' assertion of that defense with all information that the court would require, Plaintiff's Complaint appears to be untimely and subject to dismissal on that ground as well.