774

■ WASHINGTON MUTUAL BANK, Formerly Known as WASHINGTON MUTUAL BANK, FA, Respondent, v EDITH VALENCIA et al., Appellants, et al., Defendants. [939 NYS2d 73]—

" '[I]n moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default' " (*Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009], quoting *Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]; *see Rossrock Fund II, L.P. v Osborne*, 82 AD3d 737, 737 [2011]; *Aames Funding Corp. v Houston*, 44 AD3d 692, 693 [2007], *cert denied* 555 US 1048 [2008]; *Village Bank v Wild Oaks Holding*, 196 AD2d 812, 812 [1993]). Here, the plaintiff satisfied its prima facie burden on that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Ricaurte Valencia (hereinafter the defendant). Accordingly, it was incumbent on the defendant to establish by admissible evidence the existence of a triable issue of fact as to a defense (*see Grogg v South Rd. Assoc., L.P.*, 74 AD3d 1021, 1022 [2010]; *see also Pennsylvania Higher Educ. Assistance Agency v Musheyev*, 68 AD3d 736, 736 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 576 [2006]; *Famolaro v Crest Offset, Inc.*, 24 AD3d 604, 605 [2005]; *Bank of N.Y. v Vega Tech. USA, LLC*, 18 AD3d 678, 679 [2005]).

The defendant raised the defense that he was authorized to rescind the underlying transaction, and in fact did so, pursuant

to the Truth in Lending Act (hereinafter TILA) (*see* 15 USC § 1601 *et seq*.). However, under the relevant provisions of the TILA, only an "obligor" is authorized to rescind a subject transaction (15 USC § 1635 [a]). Although the defendant signed the mortgage, he did not sign the note at issue. Thus, the defendant was not an obligor within the meaning of 15 USC § 1635 (a), and therefore was not authorized pursuant to the TILA to rescind the underlying transaction at issue (*see Falkiner v OneWest Bank, FSB*, 780 F Supp 2d 460 [ED Va 2011]; *Moazed v First Union Mtge. Corp.*, 319 F Supp 2d 268, 273 n 4 [D Conn 2004]; *cf. Ferreira v Mortgage Elec. Registration Sys., Inc.*, 2011 WL 1842864, 2011 US Dist LEXIS 52055 [D Mass 2011]). Furthermore, the defendant did not tender any evidence tending to show that he or the defendant Edith Valencia, his wife, was using the subject property as a "principal dwelling," and therefore, that the right of rescission set forth in 15 USC § 1635 (a) was applicable to the underlying transaction. Thus, the defendant failed to establish by admissible evidence the existence of a triable issue of fact as to a defense based on the TILA right of rescission set forth in 15 USC § 1635 (a).

The defendant's remaining contention is improperly raised for the first time on appeal, and, accordingly, is not properly before this Court (*see Wells Fargo Bank, N.A. v Cohen*, 80 AD3d 753, 755 [2011]). Mastro, A.P.J., Belen, Hall and Lott, JJ., concur.