■ Washington Mutual Bank, Respondent, v Carolyn Schenk, Appellant, et al., Defendants. [975 NYS2d 902]—

In an action to foreclose a mortgage, the defendant Carolyn Schenk appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated October 27, 2009, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and to strike her answer, and (2) from an order of the same court, also dated October 27, 2009, which denied her motion, inter alia, for recusal.

Ordered that the first order dated October 27, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the second order dated October 27, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009] [internal quotation marks omitted]; *see Washington Mut. Bank v Valencia*, 92 AD3d 774 [2012]; *Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]). Here, the plaintiff bank sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting proof of the existence of the note and the mortgage, and the defendants' default in payment (*see Washington Mut. Bank v Valencia*, 92 AD3d 774 [2012]; *Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d at 856; *Mahopac Natl. Bank v Baisley*, 244 AD2d 466 [1997]). In response, the defendant Carolyn Schenk failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Washington Mut. Bank v Valencia*, 92 AD3d at 774; *Wells Fargo Bank v Das Karla*, 71 AD3d at 1006; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d at 856). Contrary to Schenk's contention, here, the plaintiff was not obligated to accept tender of less than full repayment as demanded (*see EMC Mtge. Corp. v Stewart*, 2 AD3d 772, 773 [2003]; *United Cos. Lending Corp. v Hingos*, 283 AD2d 764, 765-766 [2001]; *First Fed. Sav. Bank v Midura*, 264 AD2d 407, 407-408 [1999]). Accordingly, the Supreme Court properly, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Schenk.

" 'Absent a legal disqualification under Judiciary Law § 14, a

court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience' " (*Galanti v Kraus*, 98 AD3d 559 [2012], quoting *Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *see People v Moreno*, 70 NY2d 403, 405-406 [1987]). Here, the Supreme Court providently exercised its discretion in denying that branch of Schenk's motion which was for recusal, since she did not establish that there was a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the Supreme Court Justice (*see Burke v Carrion*, 101 AD3d 920, 921 [2012]; *Galanti v Kraus*, 98 AD3d at 559; *Hayden v Gordon*, 91 AD3d 819 [2012]).

Schenk's remaining contentions are either based on matter dehors the record, improperly raised for the first time on appeal, or without merit. Angiolillo, Dickerson, Austin and Hinds-Radix, JJ., concur.