SECOND DEPARTMENT, JUNE, 2015

(June 3, 2015)

■ BAYVIEW LOAN SERVICING, LLC, Respondent, v 254 CHURCH STREET, LLC, et al., Appellants., et al., Defendants. [9 NYS3d 589]—

In an action to foreclose a mortgage, the defendants 254 Church Street, LLC, and James R. Koltz appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated December 24, 2012, which granted the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009] [internal quotation marks and brackets omitted]). Here, the plaintiff sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by producing the note and the mortgage, and submitting evidence of

default in payment (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *One W. Bank, FSB v DiPilato*, 124 AD3d 735 [2015]). In opposition, the defendants 254 Church Street, LLC, and James R. Koltz failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793-794 [2012]). Furthermore, the Supreme Court properly determined that RPAPL 1303 and 1304, statutes governing pleading and notice requirements in connection with certain mortgages, were inapplicable to the instant action (*see Mendel Group, Inc. v Prince*, 114 AD3d 732, 733 [2014]; *Horizons Invs. Corp. v Brecevich*, 104 AD3d 475 [2013]; *cf. Independence Bank v Valentine*, 113 AD3d 62, 66 [2013]). Accordingly, summary judgment on the complaint was properly awarded to the plaintiff. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.