WELLS FARGO BANK, N.A., Respondent, v MARK HALLOCK, Also Known as MARK J. HALLOCK, et al., Appellants, et al., Defendants. [27 NYS3d 879]—

In an action to foreclose a mortgage, the defendants Mark Hallock, also known as Mark J. Hallock, and Diane Hallock appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), entered October 14, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[I]n moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009] [internal quotation marks omitted]). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendants Mark Hallock, also known as Mark J. Hallock, and Diane Hallock (hereinafter together the defendants) by producing the note and the mortgage, and submitting evidence of default in payment (*see Washington Mut. Bank v Valencia*, 92 AD3d 774, 774 [2012]; *Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). In opposition, the defendants failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Washington Mut. Bank v Valencia*, 92 AD3d at 774; *Wells Fargo Bank v Das Karla*, 71 AD3d at 1006; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d at 856).

Contrary to the defendants' contention, they failed to demonstrate that additional discovery may have led to relevant evidence or that facts essential to oppose the motion were

exclusively within the knowledge and control of the plaintiff (*see* CPLR 3212 [f]; *Savage v Quinn*, 91 AD3d 748, 750 [2012]).

The defendants' remaining contention is raised for the first time on appeal and is not properly before this Court (*see Sialeu v New York City Hous. Auth.*, 124 AD3d 623, 625 [2015]; *Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.