■ PENNYMAC HOLDINGS, LLC, Respondent, v CHRISTOPHER TOMANELLI, Also Known as CHRISTOPHER M. TOMANELLI, Appellant, et al., Defendants. [32 NYS3d 181]—

In an action to foreclose a mortgage, the defendant Christopher Tomanelli, also known as Christopher M. Tomanelli, appeals (1) from an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 10, 2015, and (2), as limited by his brief, from so much of an amended order of the same court dated September 23, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the appeal from the order dated September 10, 2015, is dismissed, as that order was superseded by the amended order dated September 23, 2015; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In order to establish prima facie entitlement to judgment as

a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default (*see Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]). Here, the plaintiff sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and the affidavit of Clifford Giles, a "Default Specialist III" of the plaintiff's loan servicer, attesting to the default of the defendant Christopher Tomanelli, also known as Christopher M. Tomanelli (hereinafter the defendant) (*see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d 737, 738 [2015]; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013]; *see also Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973 [2014]).

In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the notice of default sent to him by the plaintiff substantially complied with the terms of the mortgage (*see Wachovia Bank, N.A. v Carcano*, 106 AD3d 724, 725 [2013]; *Indymac Bank, F.S.B. v Kamen*, 68 AD3d 931 [2009]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.