■ North American Savings Bank, FSB, Respondent, v Laura M. Esposito-Como, Also Known as Laura M. Espositio-Como and Others, et al., Appellants, et al., Defendants. [35 NYS3d 491]—

In an action to foreclose a mortgage, the defendants Laura

M. Esposito-Como and Joseph Como appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered May 6, 2014, which granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against them, denied their motion pursuant to CPLR 3025 (b) for leave to amend their answer, and denied their separate motion pursuant to CPLR 3216 (a) to dismiss the complaint insofar as asserted against them, (2) from an order of the same court entered May 27, 2014, which granted those branches of the plaintiff's cross motion which were to strike their answer, to appoint a referee to compute the amount due to the plaintiff, and for leave to record a copy of the loan modification agreement in place of the original, and (3), as limited by their brief, from so much of a judgment of foreclosure and sale of the same court entered August 3, 2015, as, upon the orders entered May 6, 2014, and May 27, 2014, and upon confirming the report of a referee, is in favor of the plaintiff and against them directing the sale of the subject property.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the Supreme Court properly denied their motion pursuant to CPLR 3025 (b) for leave to amend their answer. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]). Here, the proposed amendments were patently devoid of merit (*see Executive Fliteways, Inc. v Caballero*, 52 AD3d 652, 652 [2008]).

The Supreme Court also properly granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the appellants, to strike the appellants' answer, to appoint a referee to compute the amount due to the plaintiff, and for leave to record a copy

of the loan modification agreement in place of the original. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and the affidavit of the plaintiff's vice president attesting to the appellants' default in payment (*see Pennymac Holdings, LLC v Tomanelli*, 139 AD3d 688 [2016]; *Wells Fargo Bank, N.A. v Ali*, 122 AD3d 726, 726 [2014]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]). In opposition, the appellants failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Bayview Loan Servicing, LLC v 254 Church St., LLC*, 129 AD3d 650, 651 [2015]; *Sperry Assoc. Fed. Credit Union v Alexander*, 116 AD3d 759, 759 [2014]).

The appellants' remaining contentions are without merit. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.