■ CITIGROUP, as Trustee for WAMU 2003-S11, Respondent, v TZIVYA C. KOPELOWITZ, Also Known as TZIVYA C. LIEBER, et al., Appellants, et al., Defendants. [48 NYS3d 223]—

In an action to foreclose a mortgage, the defendants Tzivya C. Kopelowitz, also known as Tzivya C. Lieber, and David Kopelowitz appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered May 13, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 644 [2016]; *see HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]). There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518 (a), and the records themselves actually evince the facts for which they are relied upon (*accord North Am. Sav. Bank, FSB v Esposito-Como*, 141 AD3d 706 [2016]; *Pennymac Holdings, LLC v Tomanelli*, 139 AD3d 688 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206 [2015]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the note and mortgage, and the affidavit of Phonesay Say, a vice president of the plaintiff's loan servicer, attesting to the appellants' default based upon his review of payment records kept in the regular course of the loan servicer's business (*see Emigrant Bank v Marando*, 143 AD3d 856 [2016]). Contrary to the appellants' contentions, Say's affidavit was sufficient proof of their default because the business records he relied upon satisfied the admissibility requirements of CPLR 4518 (a), and the records themselves actually evinced the facts underlying the appellants' default (*see North Am. Sav. Bank, FSB v Esposito-Como*, 141 AD3d 706 [2016]; *Pennymac Holdings, LLC v Tomanelli*, 139 AD3d 688 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206 [2015]). In opposition, the appellants failed to raise a triable issue of fact (*see TD Bank, N.A. v Mandia*, 133 AD3d 590, 591 [2015]).

Contrary to the appellants' contention, by failing to raise the issue of the plaintiff's standing to commence this action in their answer (*see* CPLR 3018 [b]), or make a pre-answer motion to dismiss based on lack of standing (*see* CPLR 3211 [e]), they waived the issue (*see JP Morgan Chase Bank, N.A. v Butler*, 129 AD3d 777, 780 [2015]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244-245 [2007]). Under such circumstances, the plaintiff was not required to establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 567 [2014]).

The appellants' remaining contentions are improperly raised for the first time on appeal (*see generally PHH Mtge. Corp. v*

*Celestin*, 130 AD3d 703, 704 [2015]; *Federal Natl. Mtge. Assn. v Cappelli*, 120 AD3d 621, 622 [2014]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants. Mastro, J.P., Austin, Miller and Maltese, JJ., concur. 