Wells Fargo Bank, N.A. v Syed (2018 NY Slip Op 02669)





Wells Fargo Bank, N.A. v Syed


2018 NY Slip Op 02669


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-01077
2016-04466
 (Index No. 10857/12)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Roop F. Syed, et al., defendants, Sajeeda Aleem, appellant.


Thomas Weiss & Associates, P.C., Garden City, NY (Lindsay Boorman of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Mitra P. Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sajeeda Aleem appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 12, 2015, and March 18, 2016, respectively. The order entered June 12, 2015, granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against her, and for an order of reference. The order entered March 18, 2016, denied her motion pursuant to CPLR 5015(a) to vacate the order entered June 12, 2015, and thereupon, for leave to submit opposition papers.
ORDERED that the appeal from the order entered June 12, 2015, is dismissed; and it is further,
ORDERED that the order entered March 18, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this mortgage foreclosure action, the Supreme Court, by order entered June 12, 2015, granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the appellant, and for an order of reference. Thereafter, the appellant moved pursuant to CPLR 5015(a) to vacate the order entered June 12, 2015, and thereupon, for leave to submit opposition papers, and the court denied the motion.
The appellant failed to submit papers to the Supreme Court in opposition to the plaintiff's motion for summary judgment and an order of reference, and the motion was granted on default. No appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; J.F.J. Fuel, Inc. v Tran Camp Contr. Corp., 105 AD3d 908, 908; Washington Mut. Bank v Valencia, 92 AD3d 774, 774; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062; D'Agostino Law Off., P.C. v Parlante, 58 AD3d 668, 669). Since the order entered June 12, 2015, was entered upon the appellant's default in opposing the motion, the appeal from that order must be dismissed (see Lumbermen's Mut. Cas. Co. v Fireman's Fund Am. Ins. Co., 117 AD2d 588).
The appellant's motion pursuant to CPLR 5015(a) to vacate the order entered June 12, 2015, and thereupon, for leave to submit opposition papers was properly denied. A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Paul v Weatherwax, 146 AD3d 792; Santos v Penske Truck Leasing Co., 105 AD3d 1029). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614). Here, the court providently exercised its discretion in determining that the appellant failed to proffer a reasonable excuse for her default. Inasmuch as the appellant failed to demonstrate a reasonable excuse for her default, we need not consider whether she offered a potentially meritorious opposition to the motion (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893).
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court