A/SL DFV, LLC v C.A.R.S. Constr., LLC (2018 NY Slip Op 03496)





A/SL DFV, LLC v C.A.R.S. Constr., LLC


2018 NY Slip Op 03496


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-02125
 (Index No. 15324/11)

[*1]A/SL DFV, LLC, respondent, 
v
C.A.R.S. Construction, LLC, et al., appellants.


Barry V. Pittman, Bay Shore, NY, for appellants.
Polsinelli P.C., New York, NY (Jason A. Nagi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated January 21, 2016. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2008, the defendant C.A.R.S. Construction, LLC (hereinafter CARS), obtained a construction loan from Hudson Valley Bank (hereinafter the bank). The construction loan was secured by a mortgage on certain real property. The loan was further guaranteed by the defendants Romaz Properties, Ltd., Robert Romeo, and Carmella Maria Holland. Allegedly, the defendants defaulted on the mortgage by failing to pay the full sum due upon the maturity of the note.
The bank commenced this action to foreclose the mortgage. The defendants asserted counterclaims alleging that the bank breached the construction loan agreement by unjustifiably refusing to advance to CARS all of the proceeds of the loan. Meanwhile, the bank assigned the loan to VFC Partners 19, LLC (hereinafter VFC), and VFC was substituted as the plaintiff. VFC moved, inter alia, for summary judgment on the complaint and dismissing the defendants' counterclaims. The defendants opposed the motion. The Supreme Court granted VFC's motion, and the defendants appeal. In November 2016, the subject note and mortgage were sold and assigned to A/SL DFV, LLC. In May 2017, the Supreme Court issued an order substituting A/SL DFV, LLC, as the plaintiff and amending the caption accordingly. By decision and order on motion dated October 3, 2017, this Court, inter alia, substituted A/SL DFV, LLC, for VFC as the respondent on the appeal.
We agree with the Supreme Court's determination to grant VFC's motion for summary judgment on the complaint and dismissing the defendants' counterclaims. In a mortgage foreclosure action, the plaintiff establishes a prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default (see North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d 706, 708; Pennymac Holdings, LLC v Tomanelli, 139 AD3d 688, 689; [*2]Wells Fargo Bank, N.A. v Hallock, 138 AD3d 735, 735; Bayview Loan Servicing, LLC v 254 Church St., LLC, 129 AD3d 650, 650; Sperry Assocs. Fed. Credit Union v Alexander, 116 AD3d 759, 759; Wachovia Bank, N.A. v Carcano, 106 AD3d 724, 725). Here, VFC established its prima facie entitlement to judgment as a matter of law by submitting a copy of the mortgage, the unpaid note, and evidence of the default (see North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d at 708; Pennymac Holdings, LLC v Tomanelli, 139 AD3d at 689; Wachovia Bank, N.A. v Carcano, 106 AD3d at 725).
In opposition, the defendants failed to demonstrate the existence of a triable issue of fact as to a bona fide defense (see North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d at 708; Bayview Loan Servicing, LLC v 254 Church St., LLC, 129 AD3d at 651; Sperry Assocs. Fed. Credit Union v Alexander, 116 AD3d at 759; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856, 856). The defendants' contention that the bank unreasonably withheld proceeds of the loan from CARS is refuted by evidence that CARS made representations to the bank that it would not be able to satisfy all of its obligations under the loan. Under the terms of the construction loan agreement, these representations provided the bank with a valid basis for withholding proceeds of the loan.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court