U.S. Bank Trust, N.A. v Miele (2020 NY Slip Op 04423)





U.S. Bank Trust, N.A. v Miele


2020 NY Slip Op 04423


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-13467
 (Index No. 51023/16)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Stephen D. Miele, etc., et al., appellants, et al., defendants.


Carl E. Person, New York, NY (Giancarlo Malinconico of counsel), for appellants.
Day Pitney LLP, New York, NY (Rachel G. Packer and Christina A. Parlapiano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stephen D. Miele and Catherine G. Miele appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated November 2, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' affirmative defenses and counterclaims, and to appoint a referee to compute the amount due to the plaintiff, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the causes of action relating to unpaid mortgage installments which accrued on or before January 27, 2010, insofar as asserted against the defendants Stephen D. Miele and Catherine G. Miele, and to strike those defendants' affirmative defenses and counterclaims relating to those causes of action, and substituting therefor a provision denying those branches of the motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs payable by the defendants Stephen D. Miele and Catherine G. Miele.
The underlying facts for this action may be found in our decision in the related appeal decided herewith (U.S. Bank Trust, N.A. v Miele, _____ AD3d _____ [Appellate Division Docket No. 2016-11124]). In that related appeal, this Court is modifying an order of the Supreme Court dated September 23, 2016, which denied the motion of the defendants Stephen D. Miele and Catherine G. Miele (hereinafter together the defendants) pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred, so as to grant that branch of the defendants' motion which was to dismiss the causes of action relating to unpaid mortgage installments which accrued on or before January 27, 2010.
As is relevant to this appeal, in March 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses and counterclaims, and to appoint a referee to compute the amount due to the plaintiff. The defendants cross-moved for summary judgment dismissing the complaint [*2]for failure to comply with RPAPL 1304 and as barred by the applicable statute of limitations set forth in CPLR 213(4). In an order dated November 2, 2017, the Supreme Court granted, inter alia, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses and counterclaims, and to appoint a referee. The court denied the defendants' cross motion for summary judgment dismissing the complaint for failure to comply with RPAPL 1304 and as barred by the applicable statute of limitations. The defendants appeal. On appeal, the defendants do not contend that they were entitled to summary judgment dismissing the complaint on the ground that the action is time-barred.
In a residential foreclosure action, a plaintiff moving for summary judgment must tender "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see U.S. Bank N.A. v Henderson, 163 AD3d 601, 602).
Here, in support of its motion, the plaintiff submitted the affidavit of a default service officer (hereinafter the service officer) of its loan servicer, Caliber Home Loans, Inc. (hereinafter Caliber). The service officer set forth Caliber's standard business practice with regard to sending RPAPL 1304 90-day notices to borrowers, established a foundation for the admission of business records, and annexed copies of Caliber's business records, which included copies of the RPAPL 1304 notices addressed to the defendants, United States Postal Service (hereinafter USPS) certified mail receipts, with USPS "Tracking" records showing the date of delivery, and a screen shot of Caliber's business records reflecting relevant servicing notes. This evidence was sufficient to demonstrate the plaintiff's entitlement to judgment as a matter of law as to its strict compliance with RPAPL 1304 (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900; Grogg v South Rd., Assoc., L.P., 74 AD3d 1021, 1022). In opposition, the simple denial of receipt of the RPAPL 1304 notice by the defendant Stephen D. Miele was insufficient to raise a triable issue of fact (see Grogg v South Rd. Assoc., L.P., 74 AD3d at 1022).
As the plaintiff produced a copy of the note, the mortgage, and evidence of default, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the causes of action that sought unpaid installments which accrued within the six-year period of limitations preceding its commencement of this action, to strike the defendants' affirmative defenses and counterclaims relating to those causes of action, and to appoint a referee to compute the amount due. However, in light of our decision in the related appeal (U.S. Bank Trust, N.A. v Miele, _____ AD3d _____ [Appellate Division Docket No. 2016-11124]), those branches of the plaintiff's motion which were for summary judgment on the causes of action relating to unpaid mortgage installments which accrued on or before January 27, 2010, and to strike the defendants' affirmative defenses and counterclaims relating to those causes of action must be denied as academic.
The defendants' arguments relating to the notice of default provision in the mortgage are raised for the first time on appeal (see Federal Natl. Mtge. Assn. v Cappelli, 120 AD3d 621, 622). While the defendants' specific contention that the notice of default failed to comply with paragraph 22(b)(5) of the mortgage involves a pure question of law (see Loiacono v Goldberg, 240 AD2d 476, 477), contrary to the defendants' contention, the notice of default substantially complied with the terms of the mortgage (see Hudson City Sav. Bank v Friedman, 146 AD3d 757, 758; Pennymac Holdings, LLC v Tomanelli, 139 AD3d 688, 689).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court