■ In the Matter of MAXI COHEN, Appellant. FOUR WAY FEATURES, INC., Doing Business as FIRST RUN FEATURES and FIRST RUN ICARUS FEATURES, Respondent. [627 NYS2d 40] —Order, Supreme Court, New York County (Stephen G. Crane, J.), entered October 6, 1994, which, *inter alia,* held in abeyance cross-motions to confirm and reject, respectively, a March 25, 1994 report of a Special Referee, valuing respondent corporation at $950,000 and determining petitioner's 32.2% interest therein, pursuant to Business Corporation Law § 1118, at $305,900, pending a report by an independent appraiser, unanimously affirmed, without costs.

The order of reference in this valuation proceeding pursuant to Business Corporation Law § 1118 was clearly to hear and report, and the IAS Court, which is vested under the statute with the ultimate responsibility for determination of the issue, was free to "confirm or reject" the report "in whole or in part", or to "make new findings with or without taking additional testimony" pursuant to CPLR 4403, without the restrictions which might otherwise apply with respect to a reference to determine within the context of a dissolution proceeding pursuant to Business Corporation Law § 1109 *(see, Matter of Dalminter, Inc.,* 23 AD2d 749, citing *Matter of Seamerlin Operating Co. [Searing-Merlino],* 307 NY 407).

Moreover, although we consider the Special Referee's evaluation reasonable under the circumstances and see no need to appoint a third "expert" where the court has already had the benefit of the testimony of two experts, one for each side, we cannot agree with petitioner-appellant that the court, which

had the statutory option of taking more testimony or ordering a new trial or hearing on the issue, was without authority to appoint a so-called "independent appraiser" from a list to be proposed by the parties. Thus, although we would have done otherwise initially, inasmuch as there has been no stay of the appraiser's appointment pending appeal, it would be futile to attempt to undo what has already been done. Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.