[644 NYS2d 704]

Interlink Metals and Chemicals, Inc., Appellant, v Daniel Kazdan et al., Respondents.

First Department, June 13, 1996

APPEARANCES OF COUNSEL

*Harold M. Hoffman,* New York City, for appellant.

*David P. Langlois* of counsel, New York City *(Carl M. Kuntz* on the brief; *Arnold J. Ross, Saul Rudes,* and *Piper & Marbury, L.L.P.,* New York City, attorneys), for respondents.

## OPINION OF THE COURT

KUPFERMAN, J.

At this point, it is uncontested that, on January 6, 1994, plaintiff's attorney, Harold M. Hoffman, after flying to Tortola in the British Virgin Islands (BVI), went to the office of Caribbean Corporate Services Limited (CCSL), the registered agent for defendants ICD Merchandise Limited, Applied Investment Technology Limited, Hightech Consolidated Limited, Apollo Industries Limited and Regent Systems Limited (hereinafter the BVI defendants), and delivered five copies of the summons and complaint to one Gurli Tychsen, a director of CCSL, who is concededly the proper person to accept service on their behalf. Thereafter, on April 12, 1994, a default judgment was entered against the BVI defendants in the sum of $615,975.47.

The BVI defendants moved pursuant to CPLR 5015 (a) (1), (3) and (4) to set aside the judgment on the grounds of lack of jurisdiction, excusable default and misconduct of an adverse party. In support of such motion, counsel stated that "his clients were never served." This claim was based upon the affidavit of Gurli Tychsen that she did not recall personal service by plaintiff's attorney and had no record of it. In opposition, plaintiff's attorney submitted his affidavit of service and an affidavit setting forth the relevant circumstances. Because of the conflicting affidavits, the IAS Court referred the issue of whether the BVI defendants "were properly served" to a Special Referee to hear and report.

After the hearing, the Special Referee found, based upon the credible evidence at the hearing, that process was delivered to

the registered agent of the BVI defendants. However, the Special Referee went on to find that service was not made in accordance with the Convention on the Service Abroad of Judicial And Extrajudicial Documents in Civil or Commercial Matters (20 UST 361 [Hague Convention]) because plaintiff's counsel "did not prove that he, a non-resident alien, is authorized to serve process there by BVI law" and recommended that the action be dismissed as to the BVI defendants for lack of jurisdiction.

The BVI defendants then moved to confirm the Special Referee's report and plaintiff cross-moved to confirm the Special Referee's finding that process had been delivered to the registered representative, but to reject the Special Referee's legal conclusion. In support of its cross motion, plaintiff offered the affidavit of an experienced BVI barrister who stated that section 65 of the BVI's International Business Companies Ordinance (1984) provides that service of process on an international business company can be effected by leaving the process with the company's registered representative. He averred that he is aware of no provision of BVI law requiring the person who effects service of process to be a BVI national or resident and "consider[s] that as a matter of practice in the British Virgin Islands service of process on an international business company, including foreign process, can be effected by a person, including a foreign person, by leaving the process at the registered agent's office or the registered office (which in practice are usually the same) and such service is deemed effective under British Virgin Islands law."

In granting the BVI defendants' motion to confirm the report of the Special Referee and denying plaintiff's cross motion, the IAS Court found that plaintiff failed to submit sufficient information at the hearing of Hoffman's authority to serve process in the BVI, that counsel's excuse for plaintiff's failure is unavailing since it was plaintiff's burden to prove valid service and that the affidavit of the BVI barrister "fails to address with particularity what individuals or entities are authorized to serve process under BVI law. Therefore, such affidavit does not sufficiently address the undisputed deficiency in the record regarding BVI law."

We disagree.

Initially, plaintiff persuasively argues that the BVI defendants waived any objection to personal jurisdiction based upon their present claim that service upon them did not comport with the Hague Convention or BVI law. Despite the absence

from both the printed record on appeal and the original file folder of the affidavit of the BVI defendants' attorney in support of their order to show cause, dated May 9, 1994, seeking to vacate the default judgment, it appears, and the IAS Court found in its order dated October 28, 1994, that counsel, relying upon the affidavit of Gurli Tychsen, merely stated "that his clients were never served".

A defense based upon lack of personal jurisdiction is deemed waived if the defendant fails to assert it, with specificity, in its answer or in connection with a preanswer motion based upon a ground set forth in CPLR 3211 (a) (*Wiesener v Avis Rent-A-Car*, 182 AD2d 372, 372-373; *see also*, Siegel, 1992 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:30, 1996 Pocket Part, at 7). In one case, this strict waiver provision was not applied where the movant failed to raise the objection to personal jurisdiction in its moving papers, but served supplemental papers raising such objection prior to the hearing of the motion (*Russell v Trask Co.*, 125 AD2d 136, 138-139). Here, however, the only objection raised in the motion to vacate the default judgment was that the BVI defendants "were never served." This is a far cry from their present claims. Indeed, it was only after the motion had been submitted, the issue of service sent to a Special Referee to hear and report, the hearing held, and the plaintiff had rested, that the issue of the Hague Convention was raised. The issue of BVI law was apparently raised for the first time in the cross motions to confirm and reject the Special Referee's report. Under the circumstances, it cannot be said that plaintiff was fairly apprised of the objections now made (*see*, *Walden v Thagard*, 67 AD2d 973, 974; *see also*, *Hatch v Tu Thi Tran*, 170 AD2d 649, 650).

Even if a waiver of the present jurisdictional objection were not found, article 10 of the Hague Convention states, in pertinent part, that

"[p]rovided the State of destination does not object, the present Convention shall not interfere with—

"(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

"(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

Article 19 further provides that "[t]o the extent that the internal law of a contracting State permits methods of trans-

mission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions."

Section 65 of the International Business Companies Ordinance (1984) of the British Virgin Islands, which governs service of process on companies incorporated under such ordinance, provides:

"65. (1) Any summons, notice, order, document, process, information or written statement to be served on a company incorporated under this Ordinance may be served by leaving it, or by sending it, by registered mail, addressed to the company, at its registered office, or by leaving it with, or by sending it by registered mail to, the registered agent of the company.

"(2) Service of any summons, notice, order, document, process, information or written statement to be served on a company incorporated under this Ordinance may be proved by showing that the summons, notice, order, document, process, information or written statement

"(a) was mailed in such time as to admit its being delivered in the normal course of delivery, within the period prescribed for service; and

"(b) was correctly addressed and the postage was prepaid."

Thus, under both the Hague Convention and BVI law, plaintiff could conceivably have served process either in person or by registered mail.

We have been unable to find any provision in the laws of the British Virgin Islands which would invalidate service of process merely because the process server is not a BVI resident or national. This gibes with the opinion of the BVI barrister, which is uncontested.

Where, as here, the order of reference was to hear and report, the court required to decide the issue may confirm or reject, in whole or in part, the report of the Referee, may make new findings with or without taking additional testimony or may order a new trial or hearing (CPLR 4403; *Matter of Cohen [Four Way Features]*, 215 AD2d 341).

In addition, courts may take judicial notice without request of the laws of foreign countries (CPLR 4511 [b]). In determining whether to do so, "the court may consider any testimony, document, information or argument on the subject, whether offered by a party or discovered through its own research" (CPLR 4511 [d]).

Thus, given the Referee's finding that process was delivered to the registered representative, the provisions of section 65 (1) of the BVI's International Business Companies Ordinance and the affidavit of the BVI barrister as to the validity of the service, the plaintiff's cross motion should have been granted to the extent of finding that, absent any provision of BVI law to the contrary, personal service by a New York attorney on the registered representative of the BVI corporate defendants might be considered even more certain to achieve its purpose than that contemplated by the Hague Convention and was clearly sufficient for New York courts to exercise personal jurisdiction over them (*cf.*, *Supreme Merchandising Co. v Iwahori Kinzoku Co.*, 121 AD2d 193). Had the British Virgin Islands authorities been opposed to any method of service pursuant to article 10, they could have, as other countries have, expressly objected (*see*, *Vazquez v Sund Emba AB*, 152 AD2d 389, 395; *cf.*, *Rissew v Yamaha Motor Co.*, 129 AD2d 94, 97-98). However, inasmuch as the IAS Court did not reach the issue of whether the default judgment should be vacated on other grounds, we remand the matter for such determination.

Accordingly, the order of the Supreme Court, New York County (Carol E. Huff, J.), entered September 25, 1995, which, *inter alia*, confirmed the report of the Special Referee, vacated the default judgment entered against defendants ICD Merchandise Limited, Applied Investment Technology Limited, Hightech Consolidated Limited, Apollo Industries Limited and Regent Systems Limited and dismissed the action against such defendants, should be reversed, on the law, without costs. That part of the BVI defendants' motion pursuant to CPLR 4403 seeking to confirm the Referee's report and to dismiss this action as against them is denied, plaintiff's cross motion is granted to the extent that it is found that the court has personal jurisdiction over the BVI defendants and the matter is remanded to the IAS Court for determination of the remainder of their motion seeking to vacate the default judgment entered against them.

SULLIVAN, J. P., ELLERIN, RUBIN and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered September 25, 1995, reversed, on the law, without costs, and that part of defendants ICD Merchandise Limited, Applied Investment Technology Limited, Hightech Consolidated Limited, Apollo Industries Limited and Regent Systems Limited's motion pursuant to CPLR 4403 seeking to confirm the Referee's report and to dismiss this action as against them denied, plaintiff's

cross motion granted to the extent that it is found that the court has personal jurisdiction over the aforementioned defendants and the matter remanded to the IAS Court for determination of the remainder of their motion seeking to vacate the default judgment entered against them.