■ VASILIOS LAMBOS, as Administrator of the Estate of RODOCLIA LAMBOS, Deceased, et al., Respondents, v MICHAEL WEINTRAUB, Appellant, et al., Defendant. [682 NYS2d 83] —In an action to recover damages for medical malpractice, the defendant Michael Weintraub appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated January 16, 1998, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by deleting the provision

thereof denying the appellant's motion in its entirety, and substituting therefor a provision granting the appellant's motion to the extent that the concessions made by the plaintiffs' medical expert in his affidavit in opposition to the appellant's motion that the appellant "properly and timely diagnosed the [decedent's] condition as being a seizure disorder, that appropriate diagnostic tests were performed to support that diagnosis, and that the appropriate and timely treatment was initially instituted" are deemed facts established for all purposes in the action, pursuant to CPLR 3212 (g), and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The appellant is not entitled to summary judgment dismissing the complaint insofar as asserted against him. Contrary to the appellant's contentions, the affidavit of the plaintiffs' medical expert raised a triable issue of fact as to whether the appellant's alleged malpractice was a proximate cause of the decedent's injuries and subsequent death (see, CPLR 3212 [b]). It cannot be said that the alleged malpractice of the codefendant Montefiore Medical Center constituted a superseding act which broke the causal connection between the appellant's alleged malpractice and the decedent's injuries and ultimate death (see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs., 72 NY2d 632, 636; Jackson v New York City Hous. Auth., 214 AD2d 605, 606).

However, to the extent that the plaintiffs' medical expert, in his affidavit in opposition to the appellant's motion for summary judgment, conceded that the appellant "properly and timely diagnosed the [decedent's] condition as being a seizure disorder, that appropriate diagnostic tests were performed to support that diagnosis, and that the appropriate and timely treatment was initially instituted", it is ordered that such facts are deemed established for all purposes in the action (see, CPLR 3212 [g]). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.