■ WELLS FARGO BANK, N.A., as Trustee for the CERTIFICATE-HOLDERS OF BANC OF AMERICA ALTERNATIVE LOAN TRUST 2004-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-1, Respondent, v MORRIS BERKOVITS et al., Appellants. [38 NYS3d 579]—

In an action to foreclose a mortgage, the defendants Morris Berkovits and Susan Berkovits appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County

(Vaughan, J.), entered July 22, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint and, in effect, granted that branch of the plaintiff's motion which was to strike an affirmative defense raised in their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 9, 2005, the defendant Morris Berkovits obtained a residential loan from Bank of America, N.A., in the principal amount of $385,000. The loan application and the note reflected that the loan was a refinancing of an investment property. The note was secured by a mortgage executed by the defendants Morris Berkovits and Susan Berkovits (hereinafter together the defendants) and encumbered their rental/ investment property located at 195 Hewes Street in Brooklyn (hereinafter the mortgaged premises). The loan application and mortgage reflected that the defendants resided at 197 Hewes Street in Brooklyn. Subsequently, the mortgage was assigned to the plaintiff.

In November 2011, the plaintiff commenced this mortgage foreclosure action after Morris Berkovitz allegedly defaulted on his payment obligations under the note. The defendants were personally served at what the process server stated in his affidavit was their primary residence, 197 Hewes Street in Brooklyn. The tenants/occupants of the mortgaged premises were served at the mortgaged premises. The defendants answered the complaint, alleging, among other affirmative defenses, that the plaintiff failed to comply with the 90-day pre-foreclosure notice requirement of RPAPL 1304. The defendants did not allege that they were improperly served with the summons and complaint. After settlement conferences were conducted, the plaintiff was permitted to proceed with the foreclosure.

The plaintiff moved for summary judgment on the complaint. With regard to the defense premised on RPAPL 1304, the plaintiff contended that such 90-day notice was inapplicable as the loan was not a home loan, but a refinancing of an investment property. The defendants opposed the motion, alleging that they had been residing in the mortgaged premises since the time the premises were purchased, including on the date that they were served with the summons and complaint, and thus were entitled to notice pursuant to RPAPL 1304. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment, and, in effect, granted that branch of the plaintiff's motion which was to strike the defend-

ants' affirmative defense relating to the plaintiff's admitted failure to serve a notice pursuant to RPAPL 1304. The defendants appeal.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting proof of the mortgage, the unpaid note, and evidence of default, and the defendants failed to come forward with evidence sufficient to raise an issue of fact as to an available defense (*see One W. Bank, FSB v Albanese*, 139 AD3d 831, 832 [2016]). The Supreme Court properly determined, in effect, that RPAPL 1304 was inapplicable to the instant action (*see Mendel Group, Inc. v Prince*, 114 AD3d 732, 733 [2014]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the affirmative defense alleging that the plaintiff failed to comply with the notice requirements of RPAPL 1304. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.