Vanderbilt Mtge. & Fin., Inc. v Ammon (2020 NY Slip Op 00638)





Vanderbilt Mtge. & Fin., Inc. v Ammon


2020 NY Slip Op 00638


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-04803
 (Index No. 12152/09)

[*1]Vanderbilt Mortgage and Finance, Inc., appellant,
v
Glenda Ammon, respondent, et al., defendants.


Mulholland & Knapp, LLP, New York, NY (Robert P. Knapp III of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Jacquelyn L. Griffin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2018. The order and judgment, upon an amended order of the same court (Laura Lee Jacobson, J.) dated January 7, 2016, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Glenda Ammon, for leave to enter a default judgment against the remaining defendants, and for an order of reference, an amended order of the same court (Laura Lee Jacobson, J.) dated July 5, 2016, denying that branch of the plaintiff's subsequent motion which was for leave to renew its prior motion, and a decision of the same court (Noach Dear, J.) dated May 2, 2017, granted the cross motion of the defendant Glenda Ammon for summary judgment dismissing the complaint insofar as asserted against her and, in effect, dismissed the complaint insofar as asserted against her.
ORDERED that the order and judgment is reversed, on the law, with costs, the cross motion of the defendant Glenda Ammon for summary judgment dismissing the complaint insofar as asserted against her is denied, the complaint is reinstated insofar as asserted against her, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Glenda Ammon, for leave to enter a default judgment against the remaining defendants, and for an order of reference are granted, that branch of the plaintiff's subsequent motion which was for leave to renew its prior motion is denied as academic, and the amended orders dated January 7, 2016, and July 5, 2016, respectively, are modified accordingly.
In June 2007, the defendant Glenda Ammon borrowed the sum of $135,000 from Somerset Investors Corp. (hereinafter Somerset). The loan was secured by a mortgage encumbering certain property in Brooklyn. In May 2009, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), commenced this mortgage foreclosure action against, among others, Glenda Ammon and her husband, the defendant David Ammon (hereinafter together the Ammon defendants). All defendants initially defaulted in answering the complaint.
In December 2012, the Supreme Court granted the unopposed motion of Vanderbilt Mortgage and Finance, Inc. (hereinafter Vanderbilt), to be substituted as plaintiff in the action. Upon stipulation of the parties, Glenda Ammon served a late answer, asserting, among other defenses, the failure to comply with RPAPL 1304 and the notice of default provisions of the mortgage.
In November 2013, Vanderbilt moved, inter alia, for summary judgment on the complaint insofar as asserted against Glenda Ammon, for leave to enter a default judgment against the remaining defendants, and for an order of reference. Glenda Ammon opposed the motion. By amended order dated January 7, 2016, the Supreme Court denied Vanderbilt's motion. Thereafter, Vanderbilt moved for leave to renew and reargue its motion. By amended order dated July 5, 2016, the Supreme Court denied Vanderbilt's motion for leave to renew and reargue.
In August 2016, Vanderbilt moved for the appointment of a temporary receiver for the mortgaged property. Glenda Ammon opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the grounds that MERS failed to comply with RPAPL 1304 and the notice of default provisions of the mortgage. In a decision dated May 2, 2017, the Supreme Court determined that Glenda Ammon's cross motion should be granted. In an order and judgment dated January 2, 2018, the court granted Glenda Ammon's cross motion and, in effect, dismissed the complaint insofar as asserted against her. Vanderbilt appeals, arguing that the court should have granted its motion, inter alia, for summary judgment and that branch of its subsequent motion which was for leave to renew. Vanderbilt additionally argues that the court should have denied Glenda Ammon's cross motion for summary judgment dismissing the complaint insofar as asserted against her.
RPAPL 1304(1) provides, in pertinent part, that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , [the] lender . . . or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860).
In support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against Glenda Ammon, Vanderbilt failed to establish, prima facie, its strict compliance with RPAPL 1304. However, in its reply papers and on its motion, inter alia, for leave to renew, Vanderbilt demonstrated that RPAPL 1304 was inapplicable in this case because the subject loan was not a "home loan" as defined by the statute. Although generally, "[a] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court" (Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943-944 [internal quotation marks omitted]), this Court has held that "the specific contention that this mortgage loan was not a home loan' for purposes of RPAPL 1304 may be reached because it involves a question of law that is apparent on the face of this record and could not have been avoided by the court if it had been brought to its attention" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; see Stassa v Stassa, 123 AD3d 804, 806; 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc., 121 AD3d 651, 652; cf. U.S. Bank N.A. v Beymer, 161 AD3d 543, 543-544).
On the merits, the record reflects that this was not a "home loan" subject to the notice requirements of RPAPL 1304 (see RPAPL 1304[6]; Wells Fargo Bank, N.A. v Berkovits, 143 AD3d 696, 697). The purpose of the subject loan was a refinancing of a multi-unit rental/investment property, and Glenda Ammon resided elsewhere. Accordingly, compliance with RPAPL 1304 was not required with regard to the subject loan.
We also conclude that Glenda Ammon failed to demonstrate her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her based on her contention that MERS failed to comply with the notice of default provisions of the mortgage. While Glenda Ammon averred that she never received a notice of default from Vanderbilt or any other party, such a bare denial of receipt, without more, was insufficient to establish her prima facie entitlement to judgment as a matter of law (cf. Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Moreover, the Supreme Court should have granted that branch of Vanderbilt's motion which was for leave to enter a default judgment against the remaining defendants, including David Ammon. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting [*2]defendant's failure to answer or appear" (U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see CPLR 3215[f]; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 843). To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient evidence to enable a court to determine if the cause of action is viable, since "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806). Here, on its initial summary judgment motion, Vanderbilt satisfied these requirements (see HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944; U.S. Bank N.A. v Wolnerman, 135 AD3d 850, 851; Deutsche Bank Natl. Trust Co. v Otano, 129 AD3d 770, 771).
Vanderbilt's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court