J.G. Jewelry Pte. Ltd. v TJC Jewelry, Inc. (2021 NY Slip Op 02747)





J.G. Jewelry Pte. Ltd. v TJC Jewelry, Inc.


2021 NY Slip Op 02747


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 651469/18 Appeal No. 13753 Case No. 2020-03753 

[*1]J.G. Jewelry Pte. Ltd., et al., Plaintiffs-Respondents-Appellants,
v
TJC Jewelry, Inc., Defendant-Respondent, Shree Ramkrishna Exports Pvt., Ltd., et al., Defendants-Appellants-Respondents.


Hodgson Russ LLP, Buffalo (Joshua Feinstein of counsel), for appellants-respondents/respondents.
Moses & Singer LLP, New York (Gregory J. Fleesler of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about July 1, 2020, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' (defendants) motions to dismiss this action for lack of personal jurisdiction and failure to effect service, unanimously affirmed, with costs.
Plaintiffs' cross appeal of the order, to the extent it granted defendants' motion for reconsideration of a prior order, same court and Justice, entered March 4, 2019, directing alternative service, unanimously dismissed, without costs, as academic.
Supreme Court properly found that service of process was effected. Defendants, business entities organized in India, waived the defense that service upon their corporate officers while visiting Hong Kong did not comport with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]), by "fail[ing] to assert it, with specificity,
. . . in connection with" their initial pre-answer motion to dismiss (Interlink Metals & Chems. v Kazdan, 222 AD2d 55, 58 [1st Dept 1996]).
Similarly, Supreme Court properly found that personal jurisdiction over defendants exists (see CPLR 302[a][1]), since the allegations in the amended complaint, as well as the affidavits submitted by defendants' principals, demonstrate that defendants' "activities here were purposeful and there [was] a substantial relationship between the transaction[s] and the claim[s] asserted" (Fischbarg v Doucet, 9 NY3d 375, 380 [2007]; see C. Mahendra (NY) LLC v National Gold & Diamond Ctr., Inc., 125 AD3d 454, 457-458 [1st Dept 2015]; D&R Global Selections, S.L. v Bodega Olegario FalcÓn PiÑeiro, 90 AD3d 403, 405 [1st Dept 2011]; Courtroom Tel. Network v Focus Media, 264 AD2d 351, 353 [1st Dept 1999]). Contrary to defendants' contention, the amended complaint alleges minimum contacts with New York sufficient to satisfy due process (World-Wide Volkswagen Corp. v Woodson, 444 US 286, 291, 297 [1980]; International Shoe Co. v Washington, 326 US 310, 316-317 [1945]; Rushaid v Pictet & Cie, 28 NY3d 316, 331 [2016]).
Because we find that service of process was effected, plaintiffs' cross appeal of the
order, insofar as it vacated the previous order directing alternative service, is moot.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021