## ABL RPC Residential Credit Acquisition LLC v 309 N. Ave. LLC

2025 NY Slip Op 32287(U)

June 26, 2025

Supreme Court, Westchester County

Docket Number: Index No. 59531/2024

Judge: David F. Everett

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

To commence the statutory time for appeals
as of right (CPLR 5513[a]), you are advised
to serve a copy of this order, with notice of
entry, upon all parties.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
-------------------------------------------------------------------------X
ABL RPC RESIDENTIAL CREDIT ACQUISITION
LLC,

                           Plaintiff,

            -against-

309 NORTH AVENUE LLC; ASHLEY
CODRINGTON; THE BOARD OF MANAGERS OF
ROOSEVELT TERRACE CONDOMINIUM; "JOHN
DOE" AND "JANE DOE" said names being fictitious, it
being the intention of Plaintiff to designate any and all
occupants of premises being foreclosed herein,

                         Defendants.
-------------------------------------------------------------------------X

**INDEX NO. 59531/2024**

**DECISION/ORDER**
**Motion Seq. 3**

**EVERETT, J.**

    Upon consideration of the papers filed in the New York State Courts Electronic Filing

System (NYSCEF) Doc Nos. 42-66, relative to the motion by plaintiff for summary judgment

against defendants 309 North Avenue LLC (borrower) and Ashley Codrington (guarantor)

(together defendants), to strike and dismiss the affirmative defenses and counterclaims in

defendants' answer, and amend the caption, the Court determines as follows:

    In the statement of material facts (NYSCEF Doc No. 43), plaintiff's attorney states the

following:

> 3. This action was brought to foreclose upon a mortgage held by Plaintiff securing
> the premises known as 1250 North Avenue, Unit 309 & Parking Space 77, New
> Rochelle, NY 10804 (hereinafter "Mortgaged Premises").
> 4. On June 22, 2023, 309 North Avenue LLC, a New York Limited Liability
> Company executed and delivered a note to ABL RPC Residential Credit
> Acquisition LLC, a Limited Liability Company for the sum of $325,000.00 with

[* 1]

interest to be computed pursuant to the terms thereof (hereinafter "Note"). A true and correct copy of the Note is annexed hereto as Exhibit A. See Affirmation in Support of Dave Kleiman, VP, Asset Management of American Mortgage Investment Partners Management, LLC (hereinafter "AMIP"), administrator and attorney-in-fact for the named Plaintiff's assignee Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-A (hereinafter "Kleiman Affirmation") ¶ 4.

5. As security for payment of this debt, on June 22, 2023, 309 North Avenue LLC, a New York Limited Liability Company (hereinafter "Borrower" or "Mortgagor") executed a mortgage to ABL RPC Residential Credit Acquisition LLC a Limited Liability Company which encumbered the Mortgaged Premises....

6. As further security for this debt, Ashley Codrington (hereinafter "Guarantor") executed a guaranty agreement (hereinafter "Guaranty Agreement") whereby she personally guaranteed Borrower's debt described in the Note. A true and correct copy of the Guaranty Agreement is annexed hereto as Exhibit C. See Kleiman Affirmation ¶ 6.

7. As provided in the Kleiman Affirmation, Defendants defaulted on the terms of the loan documents by failing to make the monthly installment due on December 1, 2023, and have remained in default to the present date. A true and correct copy of the relevant loan history is annexed hereto as Exhibit D. See Kleiman Affirmation ¶ 7 [NYSCEF Doc No. 59]....

10. On October 9, 2024, subsequent to commencement of this action, the Note and Mortgage were assigned to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-A....

In the affirmation in support (NYSCEF Doc No. 44), plaintiff's attorney contends that defendants' answer fails to raise any issues of fact or any valid affirmative defenses.

With respect to the first, second and sixth affirmative defenses, plaintiff's attorney argues that plaintiff was not required to send defendants a statutory 90-day notice prior to commence this foreclosure action, as the requirements of RPAPL 1304 do not apply because the loan does not qualify as a "home loan"; that even though sending a notice of default was not a precondition to commencing this foreclosure action because the terms of the note and mortgage do not require plaintiff to send defendants a 30-day notice of default, plaintiff did send defendants a notice of default; and that the affidavits of service (NYSCEF Doc No. 53) show each defendant was served with the RPAPL 1303 notice.

With respect to the third and fourth affirmative defenses, plaintiff's attorney argues that Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA") notice

2

requirements do not apply because the loan was to a limited liability company; and that the borrower signed an affidavit acknowledging that RESPA does not apply (NYSCEF Doc No. 50).

With respect to the fifth affirmative defense, plaintiff's attorney argues that defendants executed a stipulation waiving any jurisdictional defense (NYSCEF Doc No. 55); that defendants did not move to dismiss within 60 days of service of their answer (CPLR 3211 [e]); and that defendants failed to rebut the process server's affidavit of service.

With respect to the seventh affirmative defense, plaintiff's attorney argues that defendants are not entitled to attorneys' fees, pursuant to RPL § 282 because failure to raise RPL § 282 as a counterclaim is grounds for denial of attorneys' fees; and that the claim is only raised as an affirmative defense, not a counterclaim.

With respect to the eighth affirmative defense, plaintiff's attorney argues that defendants do not allege facts showing a violation of General Business Law (GBL) § 349; that vague and unsubstantiated affirmative defenses fail to raise a triable issue; and that GBL § 349 does not reach private contract disputes unique to the parties, and it is not alleged that plaintiff committed an act that affected consumers or the public at large.

With respect to the ninth and eleventh affirmative defenses, plaintiff's attorney argues that the loan history establishes that defendants breached the loan agreement by failing to make installment payments; that plaintiff's claims are not barred by the statute of frauds as plaintiff is enforcing a written contract (General Obligations Law §§ 5-701 [a] [1] and 5-703 [1]; NYSCEF Doc Nos. 45 to 47); and that plaintiff was damaged.

With respect to the twelfth, thirteenth, and fourteenth affirmative defenses and counterclaim, plaintiff's attorney argues that the affirmative defenses plead conclusions of law without supporting facts and are insufficient to give notice of what is to be proved (CPLR 3013).

3

[* 3]

Plaintiff seeks the additional relief of having defendants' answer "deemed the usual Notice of Appearance and Waiver in foreclosure, requiring only service of Notice of Sale, Notice of Surplus Money Proceedings, and Notice of Discontinuance of Action on said defendants," and to amend the caption to substitute plaintiff's name (CPLR 3025).

In opposition (NYSCEF Doc No. 65), defendants' attorney contends that there are issues of fact related to the default, standing, improper service, and procedural deficiencies; that the loan history does not clearly establish that at the time the action was commenced the answering defendants were in default; that the mortgage and note were assigned after the commencement of the action, raising questions about plaintiff's standing; that plaintiff failed to comply with RPAPL 1304 and CPLR 3012-b, asserting Ashley Codrington occupied the premises, a residential condominium complex, suggesting the loan was a "home loan"; and that the default was due to plaintiff's malfeasance because the payment could not be made due to the closure of the payment portal.

Regarding the affirmative defenses, defendants' attorney argues that the merits of all the affirmative defenses were not addressed including the sufficiency of the service affidavits, and compliance with the conditions precedent under the loan agreement; and that the motion is premature alleging that the loan terms were predatory, and plaintiff engaged in deceptive lending practices.

In reply (NYSCEF Doc No. 66), plaintiff's attorney responds that the affirmative defenses, which defendants' opposition does not address or support, are deemed abandoned; that out of the 14 affirmative defenses and one counterclaim, only the first, second, and sixth are raised regarding notice and service; and that defenses, not included in the answer, cannot be raised for the first time in opposition to plaintiff's motion for summary judgment including the closing of the payment

4

portal, standing, compliance with CPLR 3012-b, and that the terms of the loan were predatory involving deceptive lending practices.

Notwithstanding that some of the defenses are raised for the first time in the opposition, plaintiff's attorney addresses them and argues that a review of the loan history (NYSCEF Doc No. 48) establishes defendants' default; that as the loan was not a "home loan," plaintiff is not required to establish standing in a motion for summary judgment or file a certificate of merit when not raised in the answer; that, in any event, plaintiff "established its standing as it is the originator of the loan and did not transfer the Note and Mortgage until after commencement of the action"; that a copy of the note is annexed to the complaint; that RPAPL 1304 regarding the 90-day notice and CPLR 3012-b are not applicable, since the borrower, 309 North Avenue LLC, is a limited liability company, not a natural person, and the borrower's affidavit states the loan is solely for rental, business, and investment purposes; that the guarantor residing on the premises does not change the nature of the loan; that plaintiff "submitted a contemporaneous affidavit of mailing for the notices of default from the person who mailed the notices"; that defendants fail to provide any supporting facts for their allegations that the loans were predatory or that plaintiff engaged in deceptive lending practices; and that defendants do not demonstrate that discovery might lead to relevant evidence, or that facts essential to oppose the motion are exclusively within the knowledge and control of plaintiff.

Premature Summary Judgment

Summary judgment should be denied if the court determines that additional evidence, beyond the papers submitted by the parties, must be received in order to achieve a proper disposition of the case, and is inappropriate where the opposing party has not had an adequate opportunity to conduct discovery, particularly where facts essential to oppose the motion are or may be exclusively within the movant's knowledge (CPLR 3212 [f]; *see Churaman v C&B Elec.,*

5

*Plumbing & Heating, Inc.*, 142 AD3d 485, 486-487 [2d Dept 2016]; *Chmelovsky v Country Club Homes, Inc.*, 106 AD3d 684 [2d Dept 2013]; *Colombini v Westchester County Healthcare Corp.*, 24 AD3d 712, 715 [2d Dept 2005]). However, denial of summary judgment pending additional discovery is not warranted where there is no likelihood shown that discovery will lead to relevant evidence (*see Rodriguez v Farrell*, 115 AD3d 929, 931 [2d Dept 2014]; *Morissaint v Raemar Corp.*, 271 AD2d 586, 587 [2d Dept 2000]; *Jobe v Akowchek*, 259 AD2d 735, 736 [2d Dept 1999]). (*See Mogul v Baptiste*, 161 AD3d 847, 848 [2d Dept 2018]; *Kimyagarov v Nixon Taxi Corp.*, 43 AD3d 736, 737 [2d Dept 2007].)

Summary Judgment

Summary judgment is appropriate when there are no genuine triable issues of material fact between the parties and the movant is entitled to judgment as a matter of law (CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A defendant's prima facie showing is governed by the allegations of liability made in the plaintiff's pleadings (*see Wald v City of New York*, 115 AD3d 939, 940 [2d Dept 2014]). To defeat a motion for summary judgment, the opposing party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests (*Zuckerman v City of New York*, 49 NY2d at 562; *Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677, 679 [2d Dept 2011]).

On the motion for summary judgment, the facts appearing in the movant's papers are deemed to be admitted by an opposing party unless controverted by admissible proof (*see Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]; *Lambos v Weintraub*, 256 AD2d 446, 447 [2d Dept 1998]). "A motion for summary judgment may not be defeated by the assertion of mere conclusory

6

[* 6]

allegations, expressions of hope or unsubstantiated assertions (*see, Shapiro v Shorenstein*, 157 AD2d 833 [2d Dept 1990]; *Albert v Glick Developers*, 155 AD2d 569 [2d Dept 1989])." (*Jordan Mfg. Corp. v Zimmerman*, 169 AD2d 815, 816 [2d Dept 1991]; *see Caputo v Citimortgage, Inc.*, 165 AD3d 748 [2d Dept 2018]).

Attorney Affirmation

The affirmation of an attorney, who has no personal knowledge of the facts asserted, is insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept. 2019]).

RPAPL 1304 – "Home Loan"

RPAPL 1304 defines a "home loan" as follows:

> 6. (a)(1) "Home loan" means a loan, including an open-end credit plan, in which:
> (i) The borrower is a natural person;
> (ii) The debt is incurred by the borrower primarily for personal, family, or household purposes;
> (iii) The loan is secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling; and
> (iv) The property is located in this state.

In *Vanderbilt Mtge. & Fin., Inc. v Ammon* (179 AD3d 1138, 1140, 1141 [2d Dept 2020]), the Court explained:

> RPAPL 1304 (1) provides, in pertinent part, that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , [the] lender . . . or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (citations omitted; *Flagstar Bank, FSB v Damaro*, 145 AD3d 858, 860 [2016])....
> On the merits, the record reflects that this was not a "home loan" subject to the notice requirements of RPAPL 1304 (see RPAPL 1304 [6]; *Wells Fargo Bank, N.A. v Berkovits*, 143 AD3d 696, 697 [2016]).

7

[* 7]

If the loan is not a "home loan," it is not subject to the notice requirements of RPAPL 1304 (*see HSBC Bank USA, N.A. v Ozcan*, 154 AD3d 822, 825 [2d Dept 2017]; *JP Morgan Chase Bank, N.A. v Venture*, 148 AD3d 1269, 1271 [3d Dept 2017]; *Mendel Group, Inc. v Prince*, 114 AD3d 732, 733 [2d Dept. 2014]; *Fairmont Capital, LLC v Laniado*, 116 AD3d 998, 999 [2d Dept. 2014]). Thus, a plaintiff is not required to send a defendant the statutory 90-day notice prior to the commencement of a foreclosure action (*see U.S. Bank N.A. v Echevarria*, 171 AD3d 979, 981 [2d Dept. 2019]; *Bank of Am., N.A. v Cord*, 168 AD3d 896, 899 [2d Dept. 2019]; *CitiMortgage, Inc. v Simon*, 137 AD3d 1190, 1192 [2d Dept. 2016]).

In addition, "CPLR 3408 mandates foreclosure settlement conferences in specified circumstances.... Indeed, CPLR 3408 is limited to residential foreclosure actions involving home loans as the term "home loan" is defined by RPAPL 1304." (*Independence Bank v Valentine*, 113 AD3d 62, 65, 66 [2d Dept 2013].)

Here, the borrower is 309 North Avenue LLC, a limited liability company, not a natural person. The borrower executed an affidavit stating that the loan is solely for rental, business, and investment purposes (NYSCEF Doc No. 50 and 59 [affirmation of Dave Kleiman, V.P. Asset Management]). Thus, the loan is not a "home loan" and plaintiff was not required to send 90-day notices pursuant to RPAPL 1304.

Default Notices

A notice of default is not a precondition for commencing a foreclosure action. As determined in *Lakeview Loan Servicing, LLC v Swanson* (231 AD3d 801, 804 [2d Dept 2024]), "the plaintiff did not fail to comply with a purported provision in the mortgage agreement requiring the service of a notice of default as a condition precedent to commencing this action, since the mortgage agreement contained no such requirement (*see Wells Fargo Bank, N.A. v Quinche*, 189

8

AD3d 1671, 1672 [2020]; *Mahopac Bank v Vignogna*, 165 AD3d 1250, 1251 [2018]; *Home Fed. Sav. Bank v Sayegh*, 250 AD2d 646, 647 [1998])."

The mailing of the pre-foreclosure notices "may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518 (*see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498, 508 [2015]; citation omitted)." (*HSBC Bank USA, N.A. v Ozcan*, 154 AD 3d 822, 826 [2d Dept 2017]; *see Citibank, N.A. v Conti-Scheurer*, 172 AD3d 17, 20-21 [2d Dept 2019].)

Here, the mortgage (NYSCEF Doc No. 46) provides that a notice of default is not required prior to commencement of a foreclosure action. Paragraph 19 of the mortgage states:

> If the Mortgagor fails to make any payment or to do any act as herein provided, the Mortgagee may, but without any obligation to do so and without notice to or demand on the Mortgagor and without releasing the Mortgagor from any obligation hereunder, make or do the same in such manner and to such extent as the Mortgagee may deem necessary to protect the security hereof, the Mortgagee being authorized to enter upon the Mortgaged Property for such purposes, or appear in, defend or bring any action or proceeding to protect its interests in the Mortgaged Property or to foreclose this Mortgage or collect the Debt.

Notwithstanding the mortgage provision, plaintiff did send a default notice (NYSCEF Doc No. 49).

RPAPL 1303 Notice

"Proper service of the notice required by RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute (see citation omitted; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162, 169 [2010]). The statute requires that the mandated notice be "delivered with the summons and complaint" (RPAPL 1303 [2])…. [T]he plaintiff established, prima facie, through a process server's affidavit, that the requisite notice in the form prescribed by RPAPL 1303 was "delivered" with the summons and complaint (*see US Bank N.A. v Nelson*, 169 AD3d 110 [2019])…." (*U.S. Bank N.A. v Ahmed*,

9

[* 9]

174 AD3d 661, 664 [2d Dept 2019].) RPAPL 1303 provides: "The foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice...."

Here, plaintiff submits an affidavits of service (NYSCEF Doc No. 53) regarding notices beyond the notices required.

Standing

"[S]tanding is not an essential element of the cause of action, under CPLR 3018 (b) a defendant must affirmatively plead lack of standing as an affirmative defense in the answer in order to properly raise the issue in its responsive pleading." (*US Bank N.A. v Nelson*, 169 AD3d 110, 114 [2d Dept 2019]). The Court in *GMAC Mtge., LLC v Coombs* (191 AD3d 37, 46 [2d Dept 2020]) explained:

> RPAPL 1302-a adds an additional layer of complexity to the operation of CPLR 3211 (e), and to the defense of standing in certain actions....
> "Notwithstanding the provisions of [CPLR 3211 (e)], any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in [RPAPL 1304 (6) (a)], shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss. A defendant may not raise an objection or defense of lack of standing following a foreclosure sale, however, unless the judgment of foreclosure and sale was issued upon defendant's default" (RPAPL 1302-a).
> The new statute, by its own terms, only applies to residential mortgage foreclosure actions involving a "home loan," as that term is defined in RPAPL 1304 (6) (a) (RPAPL 1302-a).

"A plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *U.S. Bank N.A. v Hadar*, 206 AD3d 688, 689 [2022])." (*U.S. Bank N.A. v USA Brooklyn Enters., Inc.*, 232 AD3d 647, 648 [2d Dept 2024].)

Here, plaintiff shows it had standing at the commencement of the action as it is the originator of the loan and the note and mortgage were not transferred until after the commencement of the action.

[* 10]

Evidence – Loan History

In *Citigroup v Kopelowitz* (147 AD3d 1014, 1015 [2d Dept 2017]), the Court instructed:

There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518 (a), and the records themselves actually evince the facts for which they are relied upon (*accord North Am. Sav. Bank, FSB v Esposito-Como*, 141 AD3d 706 [2016]; *Pennymac Holdings, LLC v Tomanelli*, 139 AD3d 688 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206 [2015]).

Here, plaintiff submits the loan history (NYSCEF Doc No. 48), consisting of 309 North Avenue LLC's record, together with the Kleiman affirmation (NYSCEF Doc No. 59) attesting to the facts set forth in the loan history.

Waiver of Defense Based on Lack of Personal Jurisdiction

"[A] defense based on lack of personal jurisdiction may be waived (*see, Interlink Metals & Chems. v Kazdan, supra* [222 AD2d 55. 58 [1st Dept 1996]) or negotiated away by stipulation (*see, Milbank v Lauersen*, 188 AD2d 644 [2d Dept 1992])." (*Morrison v Budget Rent A Car Sys.*, 230 AD2d 253, 260 [2d Dept 1997].)

Here, Defendants executed a stipulation whereby they agreed to "waive any jurisdictional defenses."

General Obligations Law (GBL) § 349

The elements of a GBL § 349 claim are that "(1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception (General Business Law § 349 [h]; *Plavin v Group Health Inc.*, 35 NY3d 1, 10 [2020]). Thus, to avoid dismissal, plaintiffs must adequately plead each of these elements…. [T]he consumer-oriented element precludes a General Business Law § 349 claim based on '[p]rivate contract disputes, unique to the parties' (*Oswego [Laborers' Local 214 Pension Fund v Marine Midland Bank]*, 85 NY2d [20] at 25 [1995])." (*Himmelstein,*

11

*McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 176, 177 [2021].)

Further, "affirmative defenses, which merely plead conclusions of law without any supporting facts," should be dismissed (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2d Dept 2008]). Such vague and unsubstantiated affirmative defenses fail to raise a triable issue sufficient to defeat summary judgment (see *Zuckerman v City of New York*, 49 NY2d at 562; *Becher v Feller*, 64 AD3d 672, 677 [2d Dept 2009]).

Here, defendants' attorney does not set forth facts to show the applicability of the statute or regarding the accusations leveled at plaintiff.

Abandoned Affirmative Defenses

An affirmative defense is deemed abandoned if the defendant fails to address it (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]). Thus, where a defendant fails to oppose some or all matters advanced on a motion for summary judgment, the facts as alleged in the movants' papers may be deemed admitted as there is, in effect, a concession that no question of fact exists (*see Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]). If the defendant fails to raise pleaded affirmative defenses in opposition to a motion for summary judgment, those defenses are rendered abandoned and thus subject to dismissal (*see New York Commercial Bank v J. Realty F Rockaway, Ltd.*, 108 AD3d 756, 757 [2d Dept 2013]; *Starkman v City of Long Beach*, 106 AD3d 1076, 1078 [2d Dept 2013]).

Defenses Raised for the First Time in Opposition to Motion for Summary Judgment

In *Wells Fargo Bank, N.A. v Zucker* (169 AD3d 856, 858 [2d Dept 2019]), the Court determined: "The defendants waived any defense based on the plaintiff's alleged failure to comply with a condition precedent of the consolidated mortgage since they did not raise this defense with specificity in their answer or in any motion to amend their answer (*see* CPLR 3015 [a]; *Nationstar*

12

*Mtge., LLC v Vordermeier*, 165 AD3d 822, 822-823 [2018]; *Bank of Am., N.A. v Brannon*, 156 AD3d 1, 7 [2017]; *1199 Hous. Corp. v International Fid. Ins. Co.*, 14 AD3d 383, 384 [2005])." (*See GMAC Mtge., LLC v Coombs*, 191 AD3d 37, 43 [2d Dept 2020].)

Conclusion

Plaintiff makes a prima facie showing of entitlement to summary judgment. Preliminarily, defendants rely on their attorney's memorandum of law. Defendants' attorney has no personal knowledge of the facts asserted and his submission is insufficient to raise a triable issue of fact. Defendants' attorney does not provide evidence to support that there are issues of fact related to defendants' default, plaintiff's standing, and improper service; or that there are procedural deficiencies; or that the merits of the affirmative defenses were not addressed. Defendants' attorney does not show that plaintiff's motion is premature including that additional discovery is warranted or that there is a likelihood that discovery will lead to relevant evidence.

Rather, plaintiff submits evidence to counter defendants' attorney's arguments, including that the loan history does establish that at the time to commencement of the action defendants were in default; that plaintiff had standing at the commencement of the action, as the mortgage and note were assigned after the commencement of the action, and that although plaintiff was not required to provide certain notices because it was not a "home loan," plaintiff submits affidavits of service of notices served.

The remaining contentions do not require a different result.

Accordingly, it is,

ORDERED that plaintiff's motion for summary judgment against defendants 309 North Avenue LLC and Ashley Codrington is granted; and it is further

ORDERED that plaintiff's motion to strike and dismiss the affirmative defenses and counterclaims in defendants' answer is granted; and it is further

13

ORDERED that plaintiff's motion to amend the caption so that that the named plaintiff, "ABL RPC Residential Credit Acquisition LLC" shall be substituted with "Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-A", is granted; and it is further

ORDERED, that the caption of this action, as amended, shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS
OWNER TRUSTEE OF THE RESIDENTIAL CREDIT
OPPORTUNITIES TRUST X-A,

                                    Plaintiff,

-against-

309 NORTH AVENUE LLC; ASHLEY CODRINGTON;
THE BOARD OF MANAGERS OF ROOSEVELT
TERRACE CONDOMINIUM; JOHN DOE (NAME
UNKNOWN) AND JANE DOE (NAME UNKNOWN),

                                    Defendants.
----------------------------------------------------------------------X
; and it is further

ORDERED that within 10 days of the filing of this Decision and Orders, plaintiff shall serve a copy of the Decision and Orders with a notice of entry on the Clerk of the Court, who is directed to mark the court's records to reflect the change in the caption in accordance with the procedures set forth in the NYSCEF Protocols.

The foregoing constitutes the Decision and Order of the Court.

Dated: White Plains, New York
        June 26 , 2025

                                    ENTER:

                                    _____
                                    HON. DAVID F. EVERETT, J.S.C.

[* 14]